

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-17-2008

# Ronald Williams v. Sharon Sebek

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-2307

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Ronald Williams v. Sharon Sebek" (2008). *2008 Decisions*. Paper 220.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/220

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

DLD-298                                                        NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 08-2307

_____

RONALD A. WILLIAMS,

Appellant,

v.

SHARON SEBEK, Assistant Librarian; DANIEL P.
BURNS; BEN E. ANSELL; Lt. W. LEGGETT; I. TURCO,
Correction Officer; MORRIS HARPER, M.D.; STANLEY
FALOR, M.D.; FRED R. MAUE, M.D.; JEFFREY
BEARD, Secretary of the Department of Corrections; SCI
GREENE PROGRAM REVIEW COMMITTEE MEMBERS;
ED RENDELL, Governor of Pennsylvania; Captain
GRAINEY; PRISON HEALTH SERVICES, INC.; AMERICA
SERVICE GROUP, INC.; CATHERINE MCVEY, Bureau of
Health Care Services, Inc.; MICHAEL CATALANO, Chairman
of Prison Health Services, Inc., Chairman President & CEO
of America Services Group; THOMAS JACKSON,
Deputy Superintendent; JOHN DOE I & II

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 05-cv-01203)
District Judge:  Honorable Arthur J. Schwab

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
September 25, 2008

Before: BARRY, CHAGARES and STAPLETON, <u>Circuit</u> <u>Judges</u>

## OPINION

PER CURIAM

Appellant Ronald A. Williams, a Pennsylvania state prisoner confined at the State Correctional Institution at Greene ("SCI-Greene"), filed a civil rights action, 42 U.S.C. § 1983, in United States District Court for the Western District of Pennsylvania against numerous correctional officials, physicians at the prison, and Prison Health Services, Inc. Williams later filed an Amended Complaint, and the correctional defendants and medical defendants both moved for summary judgment, properly supporting their motions with affidavits and exhibits, see Fed. R. Civ. Pro. 56(c), (e). Williams opposed the motions by submitting his own summary judgment motion.

The Magistrate Judge submitted a Report and Recommendation, in which she carefully set forth the procedural history of Williams' grievances at SCI-Greene. See Booth v. Churner, 532 U.S. 731 (2001) (prisoner must exhaust administrative remedies pursuant to 42 U.S.C. § 1997e(a) prior to bringing suit).[1] She then determined that

---

[1] The administrative grievance procedure for Pennsylvania inmates is codified in the Pennsylvania Department of Corrections Policy Statement No. DC-ADM 804, entitled "Consolidated Inmate Grievance Review System." The three steps in the Pennsylvania grievance process are (1) initial review by the facility grievance coordinator of the inmate's grievance; (2) appeal of the initial review to the superintendent or regional director; and (3) a final appeal to the Secretary's Office. See Spruill v. Gillis, 372 F.3d

Williams filed Grievance No. 39392 against defendant Dr. Morris Harper complaining about his complete failure to treat Williams' Hepatitis C illness.[2]  Williams appealed this Grievance to final review, and the appeal was denied on February 19, 2003.  The Magistrate Judge thus concluded that his failure to treat claim was barred by the two-year limitations period for civil rights claims, see Wilson v. Garcia, 471 U.S. 261 (1985) (state statute of limitations applies to actions under 42 U.S.C. § 1983); 42 Pa. Cons. Stat. Ann. § 5524(2) (two-year limitation period applicable to personal injury actions), because he signed and dated his complaint on August 23, 2005, and the events complained about in Grievance No. 39392 necessarily occurred well before August 23, 2003.[3]

Continuing with Williams' next claim, the Magistrate Judge found that he had properly grieved, through Grievance Nos. 45331 and 45332, his claim that he was denied access to a typewriter while in the Restricted Housing Unit.  However, the claim failed as a matter of law.  Williams claimed a violation of his right to Equal Protection under the

_____

218, 232 (3d Cir. 2004).  The uncontested record evidence showed that Williams frequently failed to appeal his grievances to the final level of review.  Nevertheless, the Magistrate Judge did not recommend dismissing any of Williams' claims for nonexhaustion.

[2] In November 2002, Williams was evaluated for the Hepatitis C treatment protocol and given psychiatric clearance for such treatment.  However, it did not immediately commence, necessitating, in his view, the filing of a grievance.

[3] We note that, on February 20, 2003, the day after Williams' final appeal was denied, Dr. Harper prescribed Pegasys and Rebetol (also known as Ribavirin) to treat his Hepatitis C illness.  Williams received both drugs for the next twelve months.  (Medical Defendants' Statement of Undisputed Material Facts, Dkt. #85, at ¶¶ 21-30.)

laws insofar as the Department of Corrections ("DOC") treats capital inmates better than non-capital inmates confined to Administrative Custody when it comes to the use of typewriters. However, prisoners are not a suspect class, and thus the prison rule need only be rationally related to a legitimate penological interest to survive an equal protection challenge, F.C.C. v. Beach Communications, Inc., 508 U.S. 307, 313 (1993). The DOC's policy of granting capital inmates access to a typewriter while denying the same access to inmates in Administrative Custody is rationally related to the legitimate purpose of maintaining order and security within the prison.[4]

The Magistrate Judge also reached the merits of Williams' claims that defendant Librarian Sharon Sebek violated his right of access to the courts by confiscating his legal documents, and that Sebek and defendants Daniel Burns and Lt. W. Leggett retaliated against him by issuing him a misconduct for falsifying documents. Again, however, these access to the courts claims failed as a matter of law, see Christopher v. Harbury, 536 U.S. 403 (2002), because Williams failed to submit any evidence to identify what court action was affected by the confiscation, and what remedy might be awarded as recompense that would not be available in any other future litigation, id. at 415. Williams' retaliation claim failed as a matter of law because, although he had engaged in constitutionally protected activity and had been subjected to an adverse action (90 days in disciplinary

---

[4] Capital inmates are confined in administrative custody due to their sentence while non-capital inmates primarily are confined due to their security risk to others inside the institution.

confinement), he failed to submit any evidence to show that the protected activity was a substantial motivating factor in the defendants' decision to take the adverse action, Rauser v. Horn, 241 F.3d 330, 334 (3d Cir. 2001). He was in fact convicted of the misconduct.[5]

The Magistrate Judge next addressed in great detail the merits of Williams' claim that his Eighth Amendment right to be free from cruel and unusual punishment was violated in connection with the treatment he received for an inguinal hernia. In September 2003, Williams was diagnosed with an inguinal hernia approximately three centimeters in length. Medical personnel monitored his condition from September 2003 to July 2004, and treated the hernia with a truss and pain medication. When the hernia eventually extended into the scrotum and Williams' pain became serious, a surgical consultation was approved. Surgery was recommended, and one month later, on July 28, 2004, the hernia was surgically removed. Williams fully recovered.

The Magistrate Judge concluded that Williams' allegations of inadequate medical care did not rise to the level of deliberate indifference. Estelle v. Gamble, 429 U.S. 97 (1976). To act with deliberate indifference is to recklessly disregard a substantial risk of

---

[5] Williams sent three documents to the library for copying. When Sebek inspected them, she found that he had affixed by tape an old notary stamp with signature and state seal on the documents to be copied, thus attempting to make them appear original. Sedek refused to copy the documents and confiscated them. Williams was issued a misconduct for Forgery and Possession of Contraband. He was found guilty of Forgery and received 90-days disciplinary custody based on the hearing examiner's review of the documents in question.

serious harm. Farmer v. Brennan, 511 U.S. 825, 836 (1994). Allegations of negligence and disagreements over medical judgment do not state an Eighth Amendment claim, White v. Napoleon, 897 F.2d 103, 110 (3d Cir. 1990), and Williams failed to submit any evidence to support an assertion that the defendants acted recklessly in not surgically repairing his hernia sooner.

Finally, the Magistrate Judge rejected on the merits Williams' due process claims concerning his misconduct and continued confinement in Administrative Custody on the ground that, under Sandin v. Conner, 515 U.S. 472 (1995), protected liberty interests are generally limited to freedom from restraint that "impose[] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life," id. at 484, the determination of what is "atypical and significant" is based upon the range of conditions an inmate would reasonably expect to encounter, Asquith v. Dep't of Corrections, 186 F.3d 407, 412 (3d Cir. 1999), and the 90 days of disciplinary confinement imposed as a result of the misconduct did not violate a protected interest as defined by Sandin. In addition, the Magistrate Judge concluded that Williams' continued confinement in administrative custody (for five and a half years) did not require a remedy because the record showed that he was receiving the required periodic reviews of his status by the Program Review Committee, see Shoats v. Horn, 213 F.3d 140 (3d Cir. 2000) (confinement in solitary confinement of eight years duration was sufficiently atypical and significant in its hardship to create protected liberty interest implicating procedural due

6

process guarantees but inmate received due process via periodic reviews and right to be heard).[6]

Williams submitted Objections to the Magistrate Judge's Report and Recommendation, which the District Court considered and rejected. In an order entered on March 31, 2008, the District Court granted the correctional and medical defendants' motions for summary judgment, and adopted the Report and Recommendation as the Opinion of the Court.

Williams appeals. Our Clerk granted him leave to appeal in forma pauperis and advised him that his appeal was subject to summary dismissal under 28 U.S.C. § 1915(e)(2)(B) or summary affirmance under Third Cir. LAR 27.4 and I.O.P. 10.6. Williams was invited to submit argument in writing and he has done so.

We will dismiss the appeal as frivolous. We have jurisdiction under 28 U.S.C. § 1291. An appellant may prosecute his appeal without prepayment of the fees, 28 U.S.C. § 1915(a)(1), but the in forma pauperis statute provides that the Court shall dismiss the appeal at any time if the Court determines that it is frivolous, 28 U.S.C. § 1915(e)(2)(B)(i). An appeal is frivolous when it lacks an arguable basis either in law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). Our review of the District Court's grant of summary judgment is plenary and we must affirm if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Celotex

---

[6] The Magistrate Judge also rejected a groundless claim of a conspiracy.

Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). We have carefully reviewed the motions

and the evidence, and conclude that there is no arguable basis in fact or law for

disagreeing with the Magistrate Judge's summary judgment determinations, as approved

and adopted by the District Court. Neitzke, 490 U.S. at 325; Celotex Corp., 477 U.S. at

322-23. The Magistrate Judge properly analyzed and resolved Williams' claims and the

District Court properly granted summary judgment to all of the defendants.[7]

For the foregoing reasons, we will dismiss the appeal as frivolous pursuant to 28

U.S.C. § 1915(e)(2)(B)(i).

---

[7] The drugs Williams received for his Hepatitis C illness were discontinued by Dr. Stanley Falor on February, 23, 2004 because of the length of time Williams had been receiving treatment and because he had an undetectable viral load. Williams was asymptomatic and clinically stable. (Medical Defendants' Statement of Undisputed Material Facts, Dkt. #85, at ¶¶ 28-30.) In his Objections, Williams argued that his Hepatitis C claim was not time-barred because, on June 17, 2004, a blood test showed a "resurgence" of the disease. We note also that, on August 9, 2005, a Dr. Talabi noted that Williams wanted to restart his Hepatitis C treatment. At that time, Dr. Talabi did not restart the medication. Id. at ¶¶ 51-52. Nevertheless, Williams' timeliness argument misses the mark. If he experienced a recurrence of the disease in June 2004 as a result of a treatment failure, and the defendants refused to treat that recurrence, then, under the circumstances of his case, he would have a new claim, separated in time and arising from a different set of facts, that would require him to file a new grievance relating to the recurrence, and thereafter exhaust his administrative remedies to the final level of appeal. Having failed to do that, the claim would be subject to dismissal for failure to exhaust administrative remedies, 42 U.S.C. § 1997e(a).